People v Hart (2025 NY Slip Op 05170)

People v Hart

2025 NY Slip Op 05170

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Ind. No. 1314/16|Appeal No. 4763|Case No. 2018-04233|

[*1]The People of the State of New York, Respondent,
v
Sharhonda Hart, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), and Dechert LLP, Philadelphia, PA (Elisa Beneze of the bar of the State of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J. on omnibus motion; Thomas Farber, J. at trial and sentence), rendered June 19, 2018, convicting defendant, after a jury trial, of robbery in the first degree, kidnapping in the second degree, robbery in the second degree (two counts), and grand larceny in the fourth degree (two counts), and sentencing her, as a second violent felony offender, to an aggregate term of 10 years, to be followed by five years of postrelease supervision, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Although the video evidence showing defendant entering and exiting the driver's seat of the vehicle used as a getaway car was blurry, that evidence was supported by other evidence, including video footage that showed defendant at two locations where a debit card was used after it had been stolen in another robbery that same day. In addition, the jury was able throughout the trial to see and compare defendant with the videos and photos showing her before and after the robberies (see People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve her claim that the People improperly introduced into evidence at trial defendant's arrest photos from a sealed matter, and we decline to review it in the interest of justice. As an alternative holding, we find that introduction of the evidence does not provide a basis for reversal because separate, independent evidence introduced at trial showed defendant's appearance at the time that the sealed arrest photos were taken (cf. People v Anonymous, 34 NY3d 631, 649-650 [2020]).
Defendant also failed to preserve her challenges to what she characterizes as improper testimony identifying her as the person shown in surveillance footage and still images taken from that footage, and we decline to review those challenges in the interest of justice. As an alternative holding, we reject the challenges on the merits. Neither of the detectives testified that defendant was the person shown in the videos or still images, and the trial court repeatedly instructed the jury that the determination of what was shown in the footage and stills was left to its discretion (see People v Soto, 224 AD3d 612, 613 [1st Dept 2024], lv denied 42 NY3d 1022 [2024]; see also People v Mosley, 41 NY3d 640, 648-649 [2024]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025